IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DEYANIRA HERNANDEZ AND JOSE C. SANCHEZ<br>*Plaintiffs*, | § § § § | |
| | § | CASE NO. _____ |
| Vs. | § § | (JURY REQUESTED) |
| TRAVELERS PERSONAL INSURANCE COMPANY,<br>*Defendant*. | § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE AND JURY OF SAID COURT:**

**COMES NOW,** Deyanira Hernandez and Jose C. Sanchez (herein individually or collectively "Plaintiffs"), and file this Plaintiffs' Original Complaint complaining of Defendant Travelers Personal Insurance Company, (herein "Defendant Insurance Company" or "Defendant" or sometimes "Travelers"), and for cause of action respectfully shows unto the Court the following:

### I.  PARTIES

1. Plaintiffs, Deyanira Hernandez and Jose C. Sanchez are individuals who reside in Edinburg, Hidalgo County, Texas.

2. Defendant Travelers Personal Insurance Company ("Defendant Insurance Company"), is a foreign insurance company incorporated under the laws of Connecticut that is engaged in the business of insurance within the State of Texas. Defendant Travelers Personal Insurance Company may be served with a copy of this Petition and a certified copy of the summons in this cause by serving its registered agent in accordance with Federal Rule of Civil Procedure Rule 4(h) at:

**CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN, TEXAS 78701-3218.**

## II.  JURISDICTION AND VENUE

3. The court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because the suit is between a citizen of the State of Texas and a corporate entity domiciled in the State of Connecticut and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. This court has jurisdiction over Defendant Travelers Personal Insurance Company because said Defendant purposefully availed itself of the privilege of conducting activities within the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Travelers Personal Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

5. Furthermore, Plaintiffs would show that Defendant Travelers Personal Insurance Company was engaged in activities constituting the business of insurance in the State of Texas.

6. Venue is proper in this district under 28 U.S.C. §1391(a)(2) because the property at issue and a substantial part of the events or omissions giving rise to this claim occurred in this district. The property the subject of these claims and all bad faith claims handling by Travelers giving rise to this lawsuit occurred in Edinburg, Hidalgo County, Texas, which is within the geographical confines of the Southern District of Texas. Accordingly, venue is proper in the Southern District of Texas.

## III.  FACTS

7. Plaintiffs purchased a policy from Defendant Insurance Company, insuring Plaintiffs' property against certain losses. The Policy number was 0DJW61605554485633 1

(hereinafter referred to as "the Policy").

8. Plaintiffs own the insured property, which is located at 607 Fresno Dr., Edinburg, TX 78542, (hereinafter referred to as "the Property").

9. On or about May 18, 2023, the insured property was severely damaged by water (the "covered loss event"). Shortly thereafter, Plaintiffs filed a claim with Defendant Insurance Company to be compensated for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). The subject claim number is IXB3472001H. Travelers adjusted the loss at an RCV of $43,315.46 less recoverable depreciation of $12,202.77 and the deductible of $2,210.00 for a net claim payment of $35,400.57. Plaintiffs had provided Travelers with an estimate from Elite Construction scoping the same damages itemized as that of Travelers initial claim outcome, along with videos of the damages sustained to the insured risk. The videos depicted 4 to 6 inches of water throughout the home, in every room, rendering the home unlivable unlivable and Travelers refused requests to pay alternative living arrangements under the policy of insurance. The Elite Construction estimated the cost to replace and repair the damages to the risk at an RCV of $71,844.48. Because Travelers rejected the Elite Construction Xactimate Estimate, a reinspection by Travelers occurred and was performed by Riverstone Construction's Billy Lyles on May 17th, 2024. Travelers counsel refused to provide the reinspection scope and estimate. Thereafter, Plaintiffs hired another construction company to estimate the loss based upon the scope of loss utilized in the initial claim outcome. The J. Zamora Construction, LLC Xactimate Estimate scoped the damages to the risk at an RCV of $166,460.34, less recoverable depreciation of $17,300.35, less the policy deductible of $2,210.00, less prior payments of $35,400.35 for total policy benefits due Plaintiffs of $111,549.64 as of December 23rd 2024. Travelers again requested a re-inspection of the property by Riverstone's owner, Carl Johnson, which occurred on October

29, 2024, but refused to provide a copy of Mr. Johnson's scope and estimate of loss. Travelers continues to this day to provide copies of re-inspections of the risk and fail to make a reasonable offer of settlement where its liability has become reasonably clear and has committed and continues to commit unfair claims settlement practices in violation of Tex. Ins. Code §542.003(a)(b)(1),(a)(b)(2),(a)(b)(3), and (a)(b)(4); and specifically Tex. Ins. Code §542.003(a)(b)(4), by compelling a policy holder to institute a suit to recover an amount due under the policy by offering substantially less than the amount that may be recovered in this suit upon trial of the above referenced matter, including prompt payment penalty interest from the date of the initial adjustment of loss to the date upon which a judgment is rendered in the amount of 18% interest per annum.

10. Defendant Insurance Company failed to adopt and implement reasonable standards for the prompt investigation of claims such as Plaintiffs herein.

11. Plaintiffs submitted a demand that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

12. Defendant Insurance Company ignored and or did not pay the demand, did not effectuate a good faith attempt to promptly, fairly, and equitably resolve or settle the amount of said claim in which liability is reasonably clear.

13. The parties agreed to mediate on October 2, 2024, in which Defendant had minimal authority and did not attempt in good faith to resolve the matter that day.

14. Plaintiffs submitted an amended demand on October 16, 2024, once again requesting that Defendant Insurance Company cover the cost of repairs to the Property pursuant

to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

15. Defendant then had a loss consultant, Billey Lyles of Riverstone Building Construction to reinspect the property.

16. The parties once again agreed to attempt to mediate the case on December 23, 2024, in which Defendant again attended with minimal authority and did not attempt in good faith to resolve this matter that day.

17. Defendant Insurance Company compelled this policyholder to institute this suit to recover an amount due under said insurance policy.

18. Defendant Insurance Company action and or omission constitutes multiple breaches of contract, violations of the Texas Insurance Code and or the Texas DTPA.

## IV. CAUSE OF ACTIONS: NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

19. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1-17, and incorporate the same herein by this reference as if here set forth in full.

20. Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §§541.060(a)(1).

21. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendant failed to explain to Plaintiffs the reasons for an inadequate settlement. Furthermore, Defendant did not communicate that any future settlements of payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim.  Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060(a)(3).

23.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

24.     Defendant Insurance Company refused to fully and timely compensate Plaintiffs, under the terms of the Policy and/or under the Texas Insurance Code. Defendant failed to conduct a reasonable investigation, but still maintained actual awareness that it was liable to pay the full amount of loss on Plaintiffs' claim since the claim's inception.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.     Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

26.     Defendant Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Defendant's

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

### V.  CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

28. Plaintiffs replead all of the material allegations above set forth in Paragraphs 1.-27., and incorporate the same herein by this reference as if here set forth in full.

29. Defendant Insurance Company is liable to Plaintiffs for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

30. Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiffs.

31. Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiffs.

32. Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.     CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

33. The Adjustor, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiffs' Claims and such acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

34. Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of the Adjustor including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

## VII.    CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY VIOLATIONS OF THE TEXAS DTPA

35. Plaintiffs assert they are consumers under the DTPA and that the Defendant Insurance Company is liable under the DTPA for one or more of the following violations, to-wit:

    (a) False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47, 17.58, 17.60, and 17.61 of this code.

    (b) Except as provided in Subsection (d) of this section, the term "false, misleading, or deceptive acts or practices" includes, but is not limited to, the following acts:

        (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

      (3)    causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

      (5)    representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

      (7)    representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

      (12)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

      (24)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed[.]

36. Plaintiffs assert that they relied on one or more of the foregoing to their detriment on said false and or misleading representation, and that said reliance is a producing cause of their damages. Further, said reliance was a substantial factor in bringing about the injury, without which the injury would not have occurred.

37. Plaintiffs further assert that Defendant's conduct was committed knowingly and as a consumer under the DTPA, Plaintiffs seek mental anguish damages and further seek enhanced

damages for said mental anguish and economic damage up to three times the actual amount as determined by the trier of fact.

## VIII. KNOWLEDGE AND INTENT

38. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and or the Texas DTPA, and was a producing and proximate cause of Plaintiffs' damages described herein.

39. Each of the acts described above, together and singularly, was done "intentionally," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## IX. DAMAGES

40. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

41. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

42. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

43. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the

preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.　　RESERVATION OF RIGHTS

44.　　Plaintiffs reserve the right to prove the amount of damages at trial. Plaintiffs reserve the right to amend this petition to add additional counts upon further discovery as the investigation continues.

## XI.　　CONDITIONS PRECEDENT

45.　　Pursuant to Rule 9 of the Federal Rules of Civil Procedure, all conditions precedent to Plaintiffs' right to recover herein have been performed or have occurred.

## XII.　　JURY DEMAND

46.　　Plaintiffs hereby request that all causes of action alleged herein be tried before a jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code and or DTPA, and all punitive, exemplary damages and treble as may be found, and, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiffs may show Plaintiffs are entitled to.

Respectfully submitted,

**MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone: (956) 631-0745
Telecopier: (888) 266-0971
firstpartylit@moore-firm.com

By:     */s/ J. Michael Moore*_____
          J. Michael Moore
          State Bar No.: 14349550
          Federal Bar No. 16942
          R. Nicholas Moore
          State Bar No.: 24098134
          Federal Bar No. 3132077

**ATTORNEY FOR PLAINTIFFS**